## Hill v. Commonwealth.

(Decided October 16, 1931.)

MONT WALKER for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Henry Hill, hereinafter called the defendant, has been sentenced to the penitentiary for one year for stealing chickens. One of his grounds for reversal is that this verdict is flagrantly against the evidence, so we will state that briefly.

Some one took some chickens from Mrs. Della Caldwell, of Elliott county. About two miles from her, in Lawrence county, lived the defendant, and with him lived Osie Auxier, who had recently moved in and had brought with him some chickens; just how many is sharply disputed; for the commonwealth, it is contended he brought two bantams only, while the defendant tries to show he brought three large chickens in addition to the bantams.

Mrs. Caldwell's father told her of seeing her chickens at this place. She procured a search warrant and met the deputy sheriff, John Osborn, at the place. Auxier left when he saw the officer coming, because, so he said, he had heard a warrant for him had been issued by some of the Carter county authorities, and he thought the officer was after him. The search was made and Mrs. Caldwell identified, claimed, and took with her two of these large chickens as her property and she said they were worth $1.25 each; that the defendant told her Auxier had brought these chickens there when he moved in a few days before. Her father's evidence was that these were his daughter's chickens. When the hearsay evidence is eliminated from her brother's evidence, the remainder is irrelevant.

All the sheriff knew was that he found two bantams and some large chickens there which the defendant told him Auxier had brought there. Then the commonwealth introduced Mr. Auxier, who said he had moved some chickens (two bantams only, so he says) to the defend-

ant's when he moved in some two or three days before the officers came. He said the other chickens were then there. On cross-examination he admitted fleeing when the officers came and that he had previously been convicted of a felony, and admitted he had told Mont Walker, Mr. and Mrs. Chris Limberis, Virgil Salyers, and Henry Hill, just a short time before this trial, that he had moved five chickens to this place, two bantams and three large hens, that he had bought these of Hobart Perkins, and that the defendant had no part in or control over these chickens. When asked to explain the difference between his two statements, he tersely replied: "I was talking then, I am swearing now."

The defendant denied taking Mrs. Caldwell's chickens, and said the two she found there and claimed were from a bunch of five chickens brought there by Auxier, and that he had no part in them or control over them.

Defendant introduced Virgil Salyers, a man he had hired who was then living in the house with and working for him, and his testimony was the same as that of the defendant. He also introduced his mother, and she testified to same effect. The conviction of this defendant under this evidence is shocking to the conscience and palpably against the evidence in our opinion.

The defendant is urging here six grounds of reversal, upon which he had sought a new trial, in the trial court, which we shall now discuss:

(a)  His demurrer to the indictment is without merit and was properly overruled.

(b)  His complaint of the evidence which the commonwealth was permitted to introduce, in an effort to contradict his mother about what he alleges was a collateral matter, we shall not pass upon. This may not occur again and we reserve our right to rule upon it if it does.

(c)  No competent and material evidence offered by him was refused, so we find no merit in his contention on this ground.

(d)  We find no error in the instructions.

(e)  His complaint that the verdict is flagrantly against the evidence is sustained.

(f)  Upon the ground of newly discovered evidence, he files the affidavit of two witnesses, that Osie Auxier on the day after the trial and at their home had stated to them that he had testified on the trial these were the defendant's chickens, but in fact they were his, and he

had testified as he did because his grandfather had made him do so. Since we have sustained his ground (e), the discussion of ground (f) is unnecessary.

Judgment reversed.